*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH MULL,

　　　　Plaintiff-Appellee,

v

CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

　　　　Defendant-Appellant.

UNPUBLISHED
February 17, 2022

No. 354725
Wayne Circuit Court
LC No. 19-006045-NF

Before: RICK, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the order denying its motion for summary disposition
in this first-party no-fault action. We reverse and remand for entry of an order granting defendant's
motion for summary disposition.

## I. BACKGROUND

Plaintiff sustained injuries when he was involved in a motor vehicle accident while driving
a motorcycle owned by his girlfriend, Melissa Dutz. Defendant argues plaintiff's admission he
did not have permission from Dutz to use the motorcycle on the day of the accident precludes him
from collecting benefits under Michigan's no-fault act, MCL 500.3101 *et seq*.

Plaintiff filed a complaint and jury demand against defendant, as insurer of the vehicle
plaintiff hit, seeking personal injury protection benefits. Defendant originally moved for summary
disposition in lieu of an answer under MCR 2.116(C)(8) and (C)(10), arguing plaintiff was not
entitled to no-fault benefits if he was willingly operating a motorcycle without permission.
Plaintiff argued he was never explicitly told by Dutz not to operate the vehicle; thus, a question of
fact remained as to whether plaintiff had permission to operate the motorcycle. The trial court

---

[1] *Mull v Citizens Ins Co of the Midwest*, unpublished order of the Court of Appeals, entered
December 10, 2020 (Docket No. 354725).

-1-

denied defendant's motion for summary disposition, directing the parties to conduct discovery to confirm whether a genuine issue of material fact existed.

After discovery, defendant renewed its motion for summary disposition under MCR 2.116(C)(8) and (C)(10), again arguing the no-fault act precludes a person from collecting benefits if the vehicle was operated without permission from the owner. Plaintiff argued genuine issues of material fact existed regarding whether plaintiff knowingly took the motorcycle without permission. The trial court again denied defendant's motion, stating nothing more than "[t]here is a question of fact as to whether Plaintiff's use of the motorcycle was lawful."

## II. ANALYSIS

An order denying a motion for summary disposition is reviewed de novo. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). This Court considers "affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion" in its review under MCR 2.116(C)(10).[2] *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). Summary disposition is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison*, 481 Mich at 425. Questions of statutory interpretation are also reviewed de novo on appeal. *Rambin v Allstate Ins Co*, 495 Mich 316, 325; 852 NW2d 34 (2014).

At issue is whether plaintiff's use of the motorcycle was unlawful under MCL 500.3113(a). As it did in the trial court, defendant argues plaintiff acted unlawfully when taking the motorcycle, and is precluded from collecting certain benefits under the no-fault statute. Specifically, defendant argues that MCL 500.3113(a) precludes relief to plaintiff. That statute states:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was using a motor vehicle or motorcycle which he or she had taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully.

The Supreme Court has concluded that "[t]he plain meaning of the phrase 'taken unlawfully' readily embraces a situation in which an individual gains possession of a vehicle contrary to Michigan law." *Spectrum Health Hosps v Farm Bureau Mut Ins of Mich*, 492 Mich

---

[2] Although defendant moved for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10), the trial court relied on documents beyond the pleadings; thus "we construe the motion as having been granted pursuant to MCR 2.116(C)(10)." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

503, 517; 821 NW2d 117 (2012). Defendant argues plaintiff took the motorcycle unlawfully under the terms of the "joyriding" statutes, MCL 750.413 and MCL 750.414. MCL 750.413 states:

> Any person who shall, wilfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years.

MCL 750.414 states, in relevant part:

> Any person who takes or uses without authority any motor vehicle without intent to steal the same, or who is a party to such unauthorized taking or using, is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $1,500.00.

"[B]oth joyriding statutes make it unlawful to take any motor vehicle without authority, effectively defining an unlawful taking of a vehicle as that which is unauthorized." *Spectrum Health*, 492 Mich at 518. "Because a taking does not have to be larcenous to qualify as unlawful, the phrase 'taken unlawfully' in MCL 500.3113(a) applies to anyone who takes a vehicle without the authority of the owner, regardless of whether that person intended to steal it." *Spectrum Health*, 492 Mich at 518.

There is no genuine issue of material fact that plaintiff's use of the motorcycle was "unauthorized" because he did not receive permission from Dutz to use the motorcycle. Plaintiff testified he knew Dutz would not allow him to ride the motorcycle, even if he asked. As indicated by our Supreme Court, "[b]ecause a taking does not have to be larcenous to be unlawful, the phrase 'taken unlawfully' in MCL 500.3113(a) applies to anyone who takes a vehicle without the authority of the owner, regardless of whether that person intended to steal it." *Spectrum Health*, 492 Mich at 518.[3] Although plaintiff argues he did not intend to steal the motorcycle and Dutz never reported the motorcycle to the police as missing, this argument is based on an incorrect understanding of the term "unlawful" in this context.[4]

---

[3] An amendment to the no-fault statute changed some of the language in this statute. MCL 500.3113(a) previously stated a person was precluded from collecting personal protection insurance benefits if "[t]he person was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle." The amended version, "2014 PA 489[,] made substantive changes to MCL 500.3113(a), eliminating the Safe Harbor provision, and imposing instead a scienter requirement." *Ahmed v Tokio Marine American Ins Co*, ___ Mich App ___; ___ NW2d ___ (2021) (Docket No. 352418); slip op at 12. This new standard made it easier for insurance companies to disqualify a plaintiff from receiving benefits. *Ahmed*, ___ Mich App at ___; slip op at 13. Actual knowledge that a plaintiff took a vehicle without authority is not required. *Id*.

[4] Although plaintiff admits to driving the motorcycle without a valid license, "the unlawful operation or use of a motor vehicle is irrelevant with respect to examining the 'taken unlawfully'

-3-

Next, analyzing MCL 500.3113(a) requires looking at plaintiff's state of mind and whether he "knew or should have known" that he did not have authority to use the motorcycle, which "examines the legality of the taking from the driver's perspective." *Spectrum Health*, 492 Mich at 522. Examining plaintiff's deposition testimony and statements from his recorded interview, no reasonable juror could conclude other than that plaintiff knew, or should have known, that he did not have Dutz's authority to use the motorcycle. Plaintiff admitted he did not ask Dutz for permission to use the motorcycle on the day of the accident because he knew she would say no. Plaintiff acknowledged in a recorded interview with one of defendant's representatives that he took the motorcycle from Dutz's garage and without Dutz's permission on the day of the accident:

*Q*. OK. Now does [Dutz] keep the motorcycle with her at her residence or do you take it with you back and forth?

*A*. No, she keeps it at her residence and I took it like a bad boy. I wasn't supposed to take it.

*Q*. Oh. It wasn't stolen, right?

*A*. No, no. Taken…

*Q*. She didn't report it.

*A*. No, no, no. It's taken without her knowledge or permission.

Plaintiff's main argument is, because Dutz never explicitly told plaintiff he was not allowed to use the motorcycle, he cannot be precluded from recovery under the statute. Although this argument may have had merit under the previous version of the statute, it fails under the current "knew or should have known" standard. *Ahmed*, ___ Mich App ___; slip op at 12. Under the applicable statute, the evidence presented reveals no genuine issue of material fact that plaintiff at least should have known he did not have authority to use the motorcycle. Plaintiff and Dutz testified plaintiff's poor health precluded him from driving the motorcycle, and had not used the motorcycle in many years. Plaintiff admitted he did not have permission to use the motorcycle, and Dutz confirmed that fact. To that point, plaintiff considered himself a "bad boy" for using the motorcycle without Dutz's permission. The undisputed material facts presented to the trial court, considered in the light most favorable to plaintiff, show plaintiff knew or should have known he was operating the motorcycle unlawfully.

Thus, the motorcycle was taken unlawfully by plaintiff, and plaintiff knew the motorcycle was taken unlawfully, leaving no genuine issue of material fact for a jury to consider. No reasonable juror could conclude plaintiff did not know he took the motorcycle without authority. The trial court erred in finding a genuine issue of material fact existed under MCR 2.116(C)(10).

---

phrase in MCL 500.3113(a)." *Monaco v Home Owners Ins Co*, 317 Mich App 738, 748-749; 896 NW2d 32 (2016).

Reversed and remanded for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction. Having prevailed in full, defendant may tax costs.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro