*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VHS OF MICHIGAN, INC., doing business as
DETROIT MEDICAL CENTER,

   Plaintiff-Appellee,

v

ALLSTATE INSURANCE COMPANY,

   Defendant-Appellant,

and

USAA CASUALTY INSURANCE COMPANY and
USAA GENERAL INDEMNITY COMPANY,

   Defendants.

UNPUBLISHED
December 06, 2024
11:56 AM

No. 368369
Wayne Circuit Court
LC No. 22-011038-NF

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

  In this action to recover personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, defendant[1] appeals by leave granted[2] the order denying its motion for

---

[1] Defendants USAA Casualty Insurance Company and USAA General Indemnity Company were dismissed from this case by stipulation and are not parties to this appeal. Accordingly, throughout this opinion, the term "defendant" refers solely to defendant-appellant, Allstate Insurance Company, unless otherwise stated.

[2] On March 8, 2024, this Court granted defendant's application for leave to appeal. See *VHS of Mich Inc v Allstate Insurance Company*, unpublished order of the Court of Appeals, entered March 8, 2024 (Docket No. 368369).

summary disposition and granting summary disposition in favor of plaintiff, and the subsequent order denying its motion for reconsideration. We affirm.

This case arises out of a motor vehicle accident on December 17, 2021, on Greenfield Road in Detroit, Michigan. Henry Ford's mother, Toya Jackson, owned a Chevrolet Corvette. Jackson lived in Georgia, but she visited Michigan often. When Jackson left Michigan, she would store the vehicle with Ford, giving him the keys for the sole purpose of starting the car during the winter. Ford was not supposed to operate the vehicle without Jackson's permission, and it was an unspoken rule that he needed to ask for permission to drive the vehicle. In November 2021, Jackson visited Michigan for Thanksgiving. Upon her departure, she gave possession of the vehicle and its keys to Ford. Jackson expressly told Ford that he was not allowed to operate the Corvette because she had cancelled the car's insurance in anticipation of it sitting idle during the winter. Ford, without obtaining Jackson's permission, drove the vehicle on December 17, 2021, and crashed it. He sustained injuries and subsequently obtained treatment from plaintiff.

Plaintiff filed a complaint against defendant to recover no-fault benefits, asserting a claim for breach of statutory duties based on defendant's refusal to pay for the charges associated with Ford's treatment. Defendant thereafter filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that Ford operated the Corvette without Jackson's permission, which rendered his use unlawful under MCL 500.3113(a) and disqualified him and plaintiff from receiving no-fault benefits. Plaintiff responded that Ford obtained lawful possession of the vehicle and additionally requested that the trial court render judgment in favor of plaintiff under MCR 2.116(I)(2). Defendant filed a reply, emphasizing that Ford did not have permission to operate Jackson's vehicle on the date of the accident. The trial court disagreed, denying defendant's motion, and rendering judgment in favor of plaintiff. It held that there was a distinction between use without authority, and taking without authority, and that Ford did not unlawfully take the vehicle under the meaning of MCL 500.3113(a). Defendant then filed a motion for reconsideration, which the trial court also denied.

Defendant argues that the trial court erred in denying its motion for summary disposition, granting plaintiff summary disposition, and denying its motion for reconsideration because Ford's operation of Jackson's vehicle was an unlawful taking under MCL 500.3113(a), thus disqualifying him and plaintiff from recovering no-fault benefits. We disagree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Cantina Enterprises II Inc v Prop-Owners Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363105); slip op at 3. A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree." *Green v Pontiac Pub Library*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363459); slip op at 5. On review, "this Court considers the parties' documentary evidence in the light most favorable to the party opposing the motion." *Cantina Enterprises*, ___ Mich App at ___; slip op at 3. Review is limited to the evidence presented to the trial court at the time the motion was decided. *Cleveland v Hath*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363321); slip op at 6.

This Court reviews a trial court's decision on a motion for reconsideration for an abuse of discretion. *Tripp v Baker*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 360960); slip op at 7. "A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). Issues of statutory interpretation are reviewed de novo. *City of Wayne v Miller*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364138); slip op at 2.

Statutory interpretation is required to determine whether Ford's actions qualify as an unlawful taking under MCL 500.3113(a). " 'The primary goal of statutory interpretation is to give effect to the intent of the Legislature. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted.' " *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022) (citation omitted).

MCL 500.3113 enumerates certain circumstances under which an insurer may avoid coverage of no-fault benefits. See *Ahmed v Tokio Marine Am Ins Co*, 337 Mich App 1, 9; 972 NW2d 860 (2021). The relevant provision of MCL 500.3113 states:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was *taken unlawfully*, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully. MCL 500.3113(a). [Emphasis added.]

This statutory exclusion "applies to any person (1) willingly operating or willingly using a motor vehicle or motorcycle that (2) was unlawfully taken by someone, and (3) the person seeking benefits knew or should have known that the motor vehicle was taken unlawfully." *Ahmed*, 337 Mich App at 10 (quotation marks omitted). "The first level of inquiry when applying MCL 500.3113(a) always concerns whether the taking of a vehicle was unlawful, and if the taking was lawful, the inquiry ends because the statute is inapplicable." *Id*. at 19 (quotation marks and citation omitted).

The statutory phrase at issue, "taken unlawfully," has been defined by the Michigan Supreme Court in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 517; 821 NW2d 117 (2012), which determined that "the plain meaning of the phrase 'taken unlawfully' readily embraces a situation in which an individual gains possession of a vehicle contrary to Michigan law."[3]

---

[3] MCL 500.3113(a) was amended in 2019, however this Court has recognized that "taken unlawfully," the term at issue, bears the same meaning under the current statute as it did prior to the amendment. See *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365479); slip op at 4, quoting *Ahmed*, 337 Mich App at 10.

Defendant contends that Ford gained possession of Jackson's vehicle contrary to the misdemeanor joyriding statute, MCL 750.414, which provides: "Any person who takes or uses without authority any motor vehicle without intent to steal the same, or who is a party to such unauthorized taking or using, is guilty of a misdemeanor . . . ." This statute "make[s] it unlawful to take any motor vehicle without authority, effectively defining an unlawful taking of a vehicle as that which is unauthorized." *Spectrum Health*, 492 Mich at 517-518. To be unlawful, a taking need not be larcenous. *Id*. at 518.

Importantly, there is a distinction between the terms "take" and "use," which was recognized in *Spectrum Health*, and has been repeatedly recognized since. In a footnote, the *Spectrum Health* Court explained:

> MCL 750.414 contains disjunctive prohibitions: it prohibits someone from "tak[ing]" a motor vehicle "without authority" and, alternatively, it prohibits someone from "us[ing]" a motor vehicle "without authority." Thus, it is possible to violate MCL 750.414 without unlawfully taking the vehicle and, as a result, not all violations of MCL 750.414 necessarily constitute unlawful takings within the meaning of MCL 500.3113(a). [*Spectrum Health*, 492 Mich at 517 n 24.]

In *Rambin v Allstate Ins Co*, 495 Mich 316, 331; 852 NW2d 34 (2014), the Court noted that "the unlawful use of a vehicle under MCL 750.414 is not relevant under the unlawful taking language in MCL 500.3113[.]" The *Rambin* Court defined the term "take" to mean "to get into one's hands or possession by voluntary action," while the term "use" meant "to employ for some purpose." *Id*. at 332 (quotation marks and citations omitted).

In light of these Supreme Court cases, this Court has continued to recognize the distinction between "take" and "use," as it pertains to the application of MCL 500.3113(a). This Court noted the distinction in *Monaco v Home-Owners Ins Co*, 317 Mich App 738, 749; 896 NW2d 32 (2016). Accordingly, it reasoned that "the unlawful operation or use of a motor vehicle is irrelevant with respect to examining the 'taken unlawfully' phrase in MCL 500.3113(a)[.]" *Id*. at 748-749. Similarly, *Ahmed*, 337 Mich App at 13, noted that an unlawful "taking" requires getting an object "into one's hands or possession by voluntary action." (Quotation marks and citation omitted.)

This Court further expanded on this distinction in *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365479). There, the Court reasoned that "mere *use* of [a] vehicle that is unlawful but that is unconnected to attaining possession does not satisfy the definition of 'taken unlawfully' for the purposes of MCL 500.3113(a)[.]" *Id*. at ___; slip op at 4. "Accordingly, there must be a nexus between the unlawful act and the attainment of possession." *Id*.

As plaintiff pointed out in supplemental authority filed with this Court, *VHS* involved the principle that is at issue in this case. Further, the factual circumstances in *VHS* are similar to those involved here: Dantzler, a street mechanic working out of his home, was given a vehicle and its keys for the purposes of making repairs. Later, despite having consumed alcohol and not having a valid license, he agreed to take neighborhood children for a ride in the vehicle, and crashed it.

*VHS*, ___ Mich App at ___; slip op at 1.[4] The Court analyzed whether, after the vehicle had come into Dantzler's possession, his subsequent unlawful use of the vehicle by driving intoxicated and unlicensed constituted an unlawful taking under MCL 500.3113(a). *Id*. at ___; slip op at 5. The Court concluded that there was no unlawful taking under these circumstances, because the unlawful acts had no nexus "to the manner in which Dantzler gained possession of the [vehicle]." *Id*. at ___; slip op at 7. In making this determination, the Court announced the following rule:

> [T]he pertinent question in determining whether there was an unlawful taking under MCL 500.3113(a) is whether there was a voluntary transfer of possession of the vehicle, even if for a temporary period of time, and not whether the subsequent use of the vehicle by the person seeking PIP benefits exceeded the scope of the use authorized by the owner. . . . *When possession has been transferred voluntarily, even if temporarily, there has been no "taking."* Thus, in those circumstances, a person's subsequent use, even if not authorized by the owner or if otherwise unlawful, does not constitute an unlawful taking under MCL 500.3113(a) because there is no nexus between that unlawful conduct and how the person gained possession of the vehicle. [*Id*. at ___ (emphasis added); slip op at 7.]

The rule articulated in *VHS* is largely dispositive of the issue in this case. Here, there is no question that possession was transferred to Ford voluntarily, as supported by deposition testimony from both Jackson and Ford. In fact, Jackson specifically stated that Ford was in possession of the vehicle with her blessing, despite her restriction on his use of the vehicle. Because the Corvette's possession was voluntarily transferred from Jackson to Ford, there was no taking under MCL 500.3113(a), and it is immaterial that Ford's subsequent use of the vehicle by driving it without permission exceeded Jackson's authorized scope of use. See *VHS*, ___ Mich App at ___; slip op at 7.

Defendant's argument that such a result is inconsistent with this Court's holding in *Ahmed* is unpersuasive. As the *VHS* Court explained, the applicable rule is consistent with *Ahmed*, because the facts are distinguishable. See *VHS*, ___ Mich App at ___; slip op at 7. In *Ahmed*, the vehicle owner expressly prohibited the plaintiff from *taking* the involved vehicle, and the plaintiff "took voluntary action to gain possession of the vehicle" before driving it contrary to the owner's authorization. *VHS*, ___ Mich App at ___; slip op at 7. Like *VHS*, the key distinction here is that there is no evidence to suggest that Ford's "taking of possession of the [vehicle] when it was left with him by [Jackson], was somehow unauthorized or unlawful." *Id*. at ___; slip op at 8.

Defendant also contends that plaintiff's argument improperly relies on cases such as *State Farm Mut Auto Ins Co v Hawkeye-Security Ins Co*, 115 Mich App 675; 321 NW2d 769 (1982), and *Landon v Titan Ins Co*, 251 Mich App 633; 651 NW2d 93 (2002), to demonstrate that an unlawful taking does not occur when an individual uses a vehicle beyond the purpose for which possession was given. We note, however, that *VHS* relied on these very same cases to articulate

---

[4] It was also determined that the involved vehicle was stolen, however, this fact does not bear on the particular issue in this case. *VHS*, ___ Mich App at ___; slip op at 1.

the rule that there is no taking where possession is voluntarily transferred. *VHS*, ___ Mich App at ___; slip op at 7. Accordingly, defendant's attempted distinctions are unpersuasive.

Finally, this Court agrees with plaintiff's assessment that the anticipated actions of an insurer have no bearing on the applicability of exclusions under MCL 500.3113(a). Thus, any consequence to Jackson as a result of the trial court's ruling does not require reversal.

Affirmed. Plaintiff may tax costs.

/s/ Kathleen A. Feeney
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace