*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARC WITT,

        Plaintiff-Appellee,

v

SHAWN MICHAEL SMITHSON and SHAWN
MARIE BOGGESS,

        Defendants,

and

AUTO-OWNERS INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
January 16, 2025
12:08 PM

No. 367792
Macomb Circuit Court
LC No. 2022-002613-NF

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

In this action to recover no-fault benefits, defendant-appellant, Auto-Owners Insurance Company, appeals by leave granted[1] the trial court's orders denying Auto-Owners' motions for summary disposition and reconsideration. We affirm.

## I. BACKGROUND

This case arises out of a July 11, 2021 collision between a motorcycle driven by plaintiff and a motor vehicle driven by defendant Shawn Michael Smithson. The motor vehicle was owned by defendant Shawn Marie Boggess and insured by Auto-Owners. Plaintiff's significant other, Cheryl Vaughn, owned the motorcycle that plaintiff was using, but plaintiff testified that he considered the motorcycle his own. It is undisputed that plaintiff primarily used the motorcycle,

---

[1] See *Witt v Smithson*, unpublished order of the Court of Appeals, entered February 15, 2024 (Docket No. 367792).

that Vaughn allowed plaintiff to use the motorcycle, and that plaintiff did not need Vaughn's permission to use the motorcycle. It is also undisputed that plaintiff did not have a license when the accident occurred, that he had not had a license for years, and that Vaughn knew that plaintiff did not have his license but allowed him to use the motorcycle anyway.

Plaintiff suffered injuries as a result of the collision and brought suit against Auto-Owners to recover unpaid no-fault benefits. As relevant to this appeal, Auto-Owners moved for summary disposition under MCR 2.116(C)(10), arguing that MCL 500.3113(a) barred plaintiff from collecting no-fault benefits. That statute precludes a person who willingly operates a motorcycle that was taken unlawfully from collecting no-fault benefits if the person knows or should know that the motorcycle was taken unlawfully. MCL 500.3113(a). Auto-Owners contended that this statute precluded plaintiff's claim for benefits because plaintiff unlawfully took Vaughn's motorcycle when he drove the motorcycle without a license in violation of Michigan law, and that plaintiff knew or should have known that the taking was unlawful because he knew that he was unlicensed.

In response, plaintiff argued that, regardless of whether his *use* of the motorcycle was unlawful, he did not unlawfully take the motorcycle because he took it with Vaughn's permission. Auto-Owners replied that the taking could not have been lawful because plaintiff was not legally allowed to operate the motorcycle. This meant, according to Auto-Owners, that when plaintiff drove off with the motorcycle, he necessarily took it unlawfully. Auto-Owners added that it was unlawful under MCL 257.904(2) for Vaughn to allow someone without a license like plaintiff to "operate" her motorcycle, which made it unlawful for plaintiff to take the motorcycle.

Denying Auto-Owners' motion, the trial court explained that plaintiff did not unlawfully take the motorcycle because he had Vaughn's permission to take it. Auto-Owners filed a motion asking the trial court to reconsider this ruling, but the court denied the motion.

This appeal followed.

## II. MOTION FOR SUMMARY DISPOSITION

On appeal, Auto-Owners principally challenges the trial court's decision denying Auto-Owners' motion for summary disposition under MCR 2.116(C)(10). A trial court's decision on a motion for summary disposition is reviewed de novo. *McCormick v Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). When evaluating a motion under this subrule, the reviewing court is to consider "the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Douglas v Allstate Ins Co*, 492 Mich 241, 256; 821 NW2d 472 (2012) (quotation marks and citation omitted). A trial court should grant summary disposition under MCR 2.116(C)(10) "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Brown v Brown*, 478 Mich 545, 552; 739 NW2d 313 (2007).

Auto-Owners' argument in its motion for summary disposition centered around MCL 500.3113(a), which provides:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

(a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully.

Our Supreme Court in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 517; 821 NW2d 117 (2012), explained that "the plain meaning of the phrase 'taken unlawfully' readily embraces a situation in which an individual gains possession of a vehicle contrary to Michigan law."[2]

In *Monaco v Home-Owners Ins Co*, 317 Mich App 738, 741; 896 NW2d 32 (2016), this Court addressed whether a vehicle could be "taken unlawfully" for purposes of MCL 500.3113(a) "when the owner of the vehicle permitted, gave consent to, or otherwise authorized the injured person to take and use the vehicle, but the injured person used the vehicle in violation of the law with the owner's knowledge." The issue in *Monaco* arose after the plaintiff's 15-year-old daughter, Alison, was injured while driving a car owned by the plaintiff. *Id*. at 741-742. Alison had her learner's permit, so she was only allowed to drive "if accompanied by a licensed parent, guardian, or 21-year old, and she was not so accompanied when the accident occurred." *Id*. at 742. It was initially disputed whether Alison took the plaintiff's vehicle with the plaintiff's permission, so the case went to trial, and the jury concluded that the insurer "had failed to meet its burden of showing that Alison took the car without permission[.]" *Id*. at 743-744. On appeal, the insurer did not challenge the jury's factual determination that the insurer "failed to satisfy its burden of showing that Alison took the car without permission," and instead only challenged whether Alison's illegal use of the car barred her recovery of PIP benefits under MCL 500.3113(a). *Monaco*, 317 Mich App at 746. This Court held that Alison's unlawful use of the motor vehicle did not render the taking (which was lawful because it was done with the owner's permission) unlawful, explaining that "the unlawful operation or use of a motor vehicle is simply not a concern in the context of analyzing whether the vehicle was taken unlawfully." *Id*. at 749.

*Monaco* controls the outcome of this case. It is undisputed that Vaughn owned the motorcycle involved in the collision and allowed plaintiff to take it. This means that plaintiff's taking of the motorcycle was not unlawful, even if his subsequent use of the motorcycle was. See *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365479); slip op at 5-6 (explaining that there is no unlawful taking for purposes of MCL 500.3113(a) when an owner voluntarily transfers a vehicle to another, even if the other's subsequent use of the vehicle is "not authorized by the owner or if otherwise unlawful").

---

[2] MCL 500.3113(a) was amended in 2019, but the statute continues to use the phrase "taken unlawfully," which "has the same meaning under the present version as it had under the old version." *Ahmed v Tokio Marine Am Ins Co*, 337 Mich App 1, 10; 972 NW2d 860 (2021).

This Court's recent opinion in *Swoope v Citizens Ins Co of the Midwest*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 364924), does not require a different result. The driver in *Swoope* "admitted during her deposition that the vehicle's owner did not give her permission to drive the car" and "failed to take any steps to ensure the taking was authorized." *Id*. at ___; slip op at 4.[3] This Court concluded that these admissions by the driver, combined with the fact that the driver was not legally allowed to drive the owner's vehicle, required concluding that the driver's taking of the owner's vehicle was unlawful. *Id*. at ___; slip op at 3-4. While this case is similar to *Swoope* in that plaintiff here was not legally allowed to drive the motorcycle, this case is distinguishable from *Swoope* in that plaintiff took the motorcycle with Vaughn's permission.[4] See *VHS of Mich, Inc*, ___ Mich App at ___; slip op at 9-10 (distinguishing *Swoope* on the basis that the driver in that case took the vehicle without the owner's permission).

Nor is a different result required by this Court's decision in *Ahmed*. The car involved in the collision in *Ahmed* was rented by the plaintiff's wife, and as part of the rental agreement, the wife agreed that only "Authorized Drivers" could operate the rental car. *Ahmed*, 337 Mich App at 5. To be an "Authorized Driver," a person had to be licensed, and the plaintiff driving the rental car at the time of the collision was unlicensed. *Id*. This Court held that, under these facts, the taking of the car was unlawful because the owner of the car—the rental company—explicitly denied unlicensed drivers like the plaintiff permission to use the car, and the plaintiff knew or should have known this because it was stated in the rental agreement. *Id*. at 26-27. While *Ahmed* heavily criticized *Monaco*, it recognized that *Monaco* controls when "a car owner tells a person whom the owner knows to be unlicensed under the circumstances that the person nevertheless may drive the car." *Ahmed*, 337 Mich App at 20 n 8. That is, *Ahmed* recognized that *Monaco* controls in cases like this one.[5]

Auto-Owners contends that, even under *Monaco*'s reasoning, plaintiff's taking of the vehicle in this case was unlawful because it was not permitted by MCL 257.904(2). That statute provides:

---

[3] This Court's recent statement in *Bradley v Westfield Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365828); slip op at 12, that "[t]he facts of *Swoope* cannot be meaningfully distinguished from the facts of *Monaco*" is puzzling. The *Bradley* Court apparently misread *Swoope*, because *Bradley* stated that the vehicle in *Swoope* "was operated with the owner's permission," *id*., which is clearly incorrect, see *Swoope*, ___ Mich App at ___; slip op at 4.

[4] For the same reason, this case is distinguishable from this Court's unpublished opinion in *Pena-Cruz v State Farm Mutual Auto Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued March 14, 2024 (Docket No. 364284), p 14, which Auto-Owners cites on appeal.

[5] Auto-Owners contends that the instant case is like this Court's unpublished opinion in *Cyrus v Lauer*, unpublished per curiam opinion of the Court of Appeals, issued April 27, 2023 (Docket No. 359942), but that is incorrect. *Cyrus* was controlled by *Ahmed* because it involved a rental car, and the rental agreement stated that unlicensed drivers like the plaintiff were not allowed to use the rented vehicle. *Id*. at 1. In other words, the owner of the car in *Cyrus* did not give the plaintiff permission to take the car.

A person shall not knowingly permit a motor vehicle owned by the person to be operated on a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state by a person whose license or registration certificate is suspended or revoked, whose application for license has been denied, or who has never applied for a license, except as permitted under this act. [MCL 257.904(2).]

Auto-Owners contends that this statute made it illegal for Vaughn to allow plaintiff to "take" Vaughn's motorcycle because it made it illegal for Vaughn to allow plaintiff to "operate" her motorcycle, and "operate" under the Michigan Vehicle Code means "[b]eing in actual physical control of a vehicle." MCL 257.35a(a). This argument is incorrect insofar as MCL 257.904(2) does not speak to whether Vaughn could allow plaintiff to "take" the motorcycle; the statute only made it illegal for Vaughn to allow plaintiff to "operate" the motorcycle. As this Court has recognized, there is a distinction between "taking" a vehicle and "operating" one. See *Ahmed*, 337 Mich App at 14 (explaining that "it is possible to possess or 'take' a car without 'operating' or driving it"). In other words, "operating" a vehicle is not synonymous with "taking" a vehicle. Compare *Spectrum Health*, 492 Mich at 517 ("[T]he word 'take' is commonly understood as 'to get into one's hands or possession by voluntary action.' ) with MCL 257.35a(a) (defining the word "operate" as "[b]eing in actual physical control of a vehicle."). Auto-Owners' argument attempting to use the words interchangeably is unpersuasive.

Auto-Owners more generally argues that the permission of the owner of a vehicle should not matter at all when analyzing MCL 500.3113(a) because the statute says nothing about whether a taking must be with the vehicle owner's permission. That is true but unpersuasive. A vehicle owner's permission is relevant under MCL 500.3113(a) because the statute concerns whether a vehicle was "taken unlawfully," and whether a vehicle was "taken unlawfully" concerns whether the vehicle was taken "without the authority of the owner." *Spectrum Health*, 492 Mich at 518.

III.  MOTION FOR RECONSIDERATION

Auto-Owners alternatively argues that the trial court erred by denying Auto-Owners' motion for reconsideration. We disagree.

A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Tripp v Baker*, 346 Mich App 257, 274; 12 NW3d 45 (2023). A trial court abuses its discretion if its decision falls outside the range of reasonable and principled outcomes. *Id*.

In its motion for reconsideration, Auto-Owners contended that the trial court misapplied *Ahmed* and *Monaco* to conclude that plaintiff did not unlawfully take the motorcycle for purposes of MCL 500.3113(a). Auto-Owners additionally argued that Vaughn and plaintiff engaged in fraud because Vaughn acted as a strawman purchaser/owner of the motorcycle for plaintiff, as both Vaughn and plaintiff knew that plaintiff was not legally permitted to own the motorcycle. Auto-Owners further argued that plaintiff was a statutory owner of the motorcycle and, as such, needed to be insured when riding the motorcycle or he was precluded from recovering no-fault benefits.

Denying this motion, the court opined that it correctly applied *Ahmed* and *Monaco*. It further stated:

Inasmuch as defendant Auto-Owners' prior motion for summary disposition did not raise arguments regarding fraud and a straw man purchase, the *Opinion and Order* dated June 20, 2023 could not have possibly erred in failing to address those arguments. Defendant Auto-Owners may not raise these arguments for the first time in a motion for reconsideration. [Citation omitted.]

MCR 2.119(F)(3) provides:

Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Under this rule, "a trial court has discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012).

Auto-Owners contends that the trial court erred to the extent it stated that, as a matter of law, Auto-Owners could not raise new arguments in a motion for reconsideration. It is true that the court's statement that "Auto-Owners may not raise these arguments for the first time in a motion for reconsideration" was overly broad, but before it made that statement, the court sensibly reasoned that it "could not have possibly erred in failing to address" arguments that were not raised in Auto-Owners' motion for summary disposition. This statement clearly demonstrates that the court was not inclined to consider Auto-Owners' new arguments. It is thus clear that, regardless of some of the phrasing it used, the trial court chose not to consider Auto-Owners' new arguments, and that decision was not an abuse of discretion. See *id*.

Auto-Owners alternatively contends that it did not actually raise any new arguments in its motion for reconsideration, and that the arguments were actually just more-developed versions of the arguments it raised in its motion for summary disposition, such that this Court can address the more-developed arguments on appeal. We disagree. Auto-Owners' motion for summary disposition that is the subject of this appeal addressed solely whether MCL 500.3113(a) precluded plaintiff from collecting no-fault benefits because he unlawfully took the motorcycle. This argument is plainly distinct from Auto-Owners' strawman and statutory-owner arguments.[6] Whether plaintiff and Vaughn engaged in fraud, and whether plaintiff is precluded from collecting

---

[6] Auto-Owners argued in its motion for reconsideration and continues to argue on appeal that, based on the prior version of MCL 500.3113(a) and the interpretation of the amended version of the statute in *Ahmed* and similar cases, the Legislature intended that someone who illegally "uses" a vehicle be disqualified from receiving no-fault benefits. This argument appears related to Auto-Owners' MCL 500.3113(a) argument, but, as explained earlier in this opinion, *Monaco* clearly rejects this argument, and *Monaco* is controlling under the facts of this case, as *Ahmed* itself recognized.

benefits because he was a statutory owner of the motorcycle without proper insurance, are not merely more developed or sophisticated arguments related to MCL 500.3113(a). Rather, they are wholly new arguments raised for the first time in Auto-Owners' motion for reconsideration. For that reason, the arguments are unpreserved, and we decline to consider them. See *Vushaj v Farm Bureau Gen Ins Co of Michigan*, 284 Mich App 513, 519; 773 NW2d 758 (2009).[7]

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett

---

[7] To be clear, neither the trial court's refusal to consider these arguments in its denial of Auto-Owners' motion for reconsideration nor this Court's refusal to consider the arguments on appeal constitutes a ruling on the merits. Auto-Owners is free to raise these arguments later in the proceedings on remand if it so desires.