*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHEILA GALES,

        Plaintiff-Appellant,

and

NORTH AMERICAN LABORATORIES LLC,

        Intervening Plaintiff,

v

AUTO CLUB GROUP INSURANCE COMPANY,

        Defendant-Appellee,

and

USA UNDERWRITERS, MUSTAFA AL-IESSA, and HUSSEIN ABDUL HASSAN AL-SALAMI,

        Defendants.

UNPUBLISHED
October 23, 2025
12:26 PM

No. 371786
Wayne Circuit Court
LC No. 23-004948-NI

Before: FEENEY, P.J., and BORRELLO and BAZZI, JJ.

PER CURIAM.

       In this action to recover personal protection insurance (PIP) benefits, plaintiff-appellant, Sheila Gales, appeals as of right the trial court order granting summary disposition to defendant-

appellee, Auto Club Group Insurance Company,[1] under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTS

In April 2022, plaintiff was involved in a car accident while driving Jerome Roy's car. Roy had been plaintiff's friend for about 15 years, and according to Roy, even though plaintiff did not have a license, she drove his car "a couple of times[,]" including "to go to the store . . . or grab something to eat . . . ." On the day of the accident, Roy had left his car at plaintiff's house after he could not locate his car keys; plaintiff found Roy's keys, drove Roy's car to work, and was ultimately involved in a car accident. Roy stated that although plaintiff had always asked for permission to use his car in the past, she had not done so on the date of the accident. Plaintiff asserted that she asked Roy for permission the day before the accident. Eventually, plaintiff applied for PIP benefits through the Michigan Assigned Claims Plan, and on her application, she stated that: (1) she had not driven Roy's car before the accident, and (2) she had permission to use the car on the date of the accident.

After plaintiff's claim was assigned to defendant, she filed this action, requesting the trial court to hold defendant liable for PIP benefits.[2] Defendant moved for summary disposition, under MCR 2.116(C)(10), arguing that plaintiff's conduct constituted an unlawful taking pursuant to MCL 500.3113(a) because there was no question of fact that: (1) she took Roy's car despite lacking a valid license, and (2) she did not have permission to use Roy's car on the date of the accident. Plaintiff responded, arguing that: (1) her lack of a valid license was irrelevant to her eligibility for PIP benefits, and (2) she had Roy's express and implied consent to drive the car. The trial court found that plaintiff's use of the car constituted an unlawful taking under MCL 500.3113(a); therefore, the trial court granted summary disposition in defendant's favor and dismissed plaintiff's action. Plaintiff moved for reconsideration, which the trial court denied. Plaintiff now appeals.

## II. PIP BENEFITS—UNLAWFUL TAKING

On appeal, plaintiff argues that the trial court erred by ruling she was ineligible for PIP benefits, under MCL 500.3113(a). We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

Because the parties raised these issues before the trial court, they are preserved for appellate review. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008).

---

[1] The trial court dismissed defendants, USA Underwriters, Mustafa Al-Iessa, and Hussein Abdul Hassan Al-Salami, from this matter, and they are not parties on appeal. Accordingly, we will refer to Auto Club Group Insurance Company singularly as defendant.

[2] The trial court subsequently granted intervening plaintiff's, North American Laboratories LLC's, motion to intervene. Intervening plaintiff is not a party to this appeal.

"We review de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). "Our review is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009). MCR 2.116(C)(10) provides that the trial court may grant summary disposition in favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Id*. at 270-271 (quotation marks and citation omitted). "Finally, we review de novo questions of statutory interpretation." *Ahmed v Tokio Marine America Ins Co*, 337 Mich App 1, 7; 972 NW2d 860 (2021) (quotation marks and citation omitted).

## B. ANALYSIS

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." MCL 500.3105(1). But a claimant is not entitled to PIP benefits, "if at the time of the accident . . . [t]he person was willingly operating or willingly using a motor vehicle . . . that was taken unlawfully, and the person knew or should have known that the motor vehicle . . . was taken unlawfully." MCL 500.3113(a). Accordingly, "the disqualification applies to any person (1) willingly operating or willingly using a motor vehicle . . . that (2) was unlawfully taken by someone, and (3) the person seeking benefits knew or should have known that the motor vehicle was taken unlawfully." *Ahmed*, 337 Mich App at 10 (quotation marks omitted).

## 1. LACK OF A VALID DRIVER'S LICENSE

Plaintiff first argues the trial court erred by finding that plaintiff's use of the car constituted an unlawful taking merely because she drove Roy's car without a license. This argument lacks merit.

"[A]n individual shall not drive a motor vehicle on a highway in this state unless that individual has a valid operator's . . . license . . . ." MCL 257.301(1). Plaintiff does not dispute she lacked a valid driver's license on the date of the accident.

This Court's caselaw, regarding PIP benefits eligibility, distinguishes the unlawful use from the unlawful taking of a motor vehicle. In *Monaco v Home-Owners Ins Co*, 317 Mich App 738, 741, 749-750; 896 NW2d 32 (2016), this Court concluded that because MCL 500.3113(a) "does not encompass the unlawful *use or operation* of a motor vehicle, just the unlawful *taking* of a vehicle," the lawfulness of the use or operation of the vehicle was irrelevant to the plaintiff's eligibility for PIP benefits. See *id*. at 749-750. Seven years later, this Court reached the opposite conclusion in *Swoope v Citizens Ins Co of the Midwest*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364924); slip op at 3-4, stating that "operating a vehicle without a valid license

-3-

is unlawful for purposes of MCL 500.3113(a)." Faced with this conflict, this Court recently determined that "*Monaco* controls the issue and *Swoope* is not binding." *Bradley v Westfield Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365828); slip op at 12. This Court explained that "*Swoope* ignored the plain language of the statute by replacing the phrase 'taken unlawfully' with the phrase 'operated unlawfully.' " *Id*. at ___; slip op at 11. Accordingly, the fact the plaintiff in *Swoope* had the vehicle owner's permission to drive their car, even though the plaintiff was unlawfully operating the car, showed there was no unlawful taking. *Id*. at ___; slip op at 11-12; see also *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365479); slip op at 5 (stating that "a mere *use* of the vehicle that is unlawful but that is unconnected to attaining possession does not satisfy the definition of 'taken unlawfully' for the purposes of MCL 500.3113(a)").[3]

Accordingly, *Monaco* and *Bradley* establish that plaintiff did not unlawfully take Roy's car merely by driving it without a license. But the record in this case does not support plaintiff's claim that the trial court solely granted summary disposition on the basis of plaintiff's lack of a valid driver's license. Although the trial court noted plaintiff's lack of a valid driver's license, it went on to address the dispositive issue—of whether plaintiff received Roy's permission to drive his car—by rejecting plaintiff's claim of implied permission.

## 2. PERMISSION

Plaintiff further argues that the trial court erred by finding that plaintiff's use of the car constituted an unlawful taking because a genuine issue of material fact remained regarding whether plaintiff had permission to use Roy's car. This argument also lacks merit.

MCL 500.3113(a) disqualifies from PIP benefits "anyone who takes a vehicle without the authority of the owner, regardless of whether that person intended to steal it." *Ahmed*, 337 Mich App at 11 (quotation marks, citation, and emphasis omitted). In *Ahmed*, this Court held that the plaintiff unlawfully took a rental car when he drove the car without being an authorized driver under the rental agreement. *Id*. at 5. This Court clarified that "[t]he mere assumption or supposition that it must be permissible to take a third party's property, without more, does not satisfy the 'should have known' standard of MCL 500.3113(a)." *Id*. at 27. Instead, to meet that standard, a claimant must take some steps to determine if the vehicle owner authorized the taking. *Id*.

In this case, the trial court properly granted summary disposition in defendant's favor because plaintiff unlawfully took Roy's car and should have known that the taking was unlawful. Roy testified that plaintiff did not ask for permission to drive his car on the date of the accident, and plaintiff acknowledged that Roy did not know she was driving his car until after the accident. She claimed, however, that she asked Roy for permission the day before the accident. But whether plaintiff asked for permission is not dispositive because she presented no evidence that Roy

---

[3] Our Supreme Court recently held the applications for leave to appeal in *Bradley* and *VHS* in abeyance, pending its decision in *Swoope*. *Bradley v Westfield Ins Co*, 18 NW3d 16 (Mich, 2025); *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, 18 NW3d 14 (Mich, 2025).

actually consented to her driving his car. Indeed, she stated that when Roy left the car at her house, she "just went on and took it on [her] own." Plaintiff's claim that Roy "knew that [she] wanted to use" the car was merely an assumption that taking the car was permissible. See *id*. Plaintiff should have known that driving Roy's car, without any indication of his consent, was an unlawful taking. Accordingly, there was no genuine issue of material fact that plaintiff committed an unlawful taking, thereby disqualifying her from PIP benefits under MCL 500.3113(a).

Plaintiff further argues that even if Roy did not expressly consent to her driving his car, he gave implied consent by previously allowing her to drive his car. But plaintiff's own statements contradict this argument. In her deposition and application for PIP benefits, she denied ever driving Roy's car before the accident. Conversely, Roy testified that plaintiff drove his car multiple times, but she always asked his permission before doing so.

Regardless of which account is accurate, current law does not support plaintiff's implied-consent argument. A previous version of MCL 500.3113(a) disqualified a claimant from PIP benefits for an unlawful taking, "unless the person reasonably believed that he or she was entitled to take and use the vehicle." MCL 500.3113(a), as amended by 1986 PA 93. But in 2014, the Legislature eliminated this "safe-harbor provision." MCL 500.3113(a), as amended by 2014 PA 489; *Ahmed*, 337 Mich App at 23. As discussed above, the current, relevant inquiry under MCL 500.3113(a) is not whether plaintiff reasonably believed that she had authority to take Roy's car, it is whether Roy actually permitted plaintiff to drive his car on the day of the accident. Because there is no evidence that Roy gave plaintiff permission to drive his car on the date of the accident, there is no genuine issue of material fact that plaintiff's taking was unlawful, and the trial court did not err by disqualifying her from PIP benefits.

Affirmed.


/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Mariam S. Bazzi