HENRY H. APLIN, AUDITOR GENERAL, v. SERENA McLAULIN.

*Taxes—Cost of advertising and sale—Payment.*

The one dollar which the Auditor General is authorized by section 52 of Act No. 195, Laws of 1889, to add to the amount of taxes due on a parcel of land, for advertising and other expenses of sale, cannot be demanded of the tax-payer until *after* the tax petition has been filed and published as provided by section 54 of said act.

Appeal from Wayne. (Reilly, J.) Argued November 12 and 13, 1890. Decided November 21, 1890.

Petition for sale of delinquent tax lands under Act No. 195, Laws of 1889. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*B. W. Huston,* Attorney General, and *Henry M. Duffield,* for complainant.

*James H. McDonald,* for defendant.

GRANT, J. Defendant was the owner of 58 parcels of land upon which she neglected to pay the taxes for the year 1887 when due, and they were returned for non-payment. On December 26, 1889, she tendered to the county treasurer the full amount of these taxes, with interest and charges, except one dollar on each parcel, which the county treasurer demanded for expenses of advertisement and sale. The county treasurer refused to accept the amount tendered, and she refused to pay the $58 demanded for such expenses.

Seven weeks after this tender, the Auditor General filed the petition for the sale of delinquent tax lands in the county of Wayne, making the defendant a party, and alleging that the lands were delinquent. These lands were returned delinquent before July 1, 1888. Decree was entered for defendant, and complainant appeals.

The demand of the Auditor General is based upon section 52, Act No. 195, Laws of 1889 (3 How. Stat. § 1170 *f* 1), the language of which, so far as it bears upon this question, is as follows:

"As soon as practicable after the first day of July in each year, the Auditor General shall prepare and file in the office of the county clerk in each county in which lands are to be sold under the provisions of this act, a

83 MICH.—23.

petition addressed to the circuit court for said county, in chancery, * * * and he shall include with and add to such total amount against each parcel one dollar for the cost of advertising and other expenses of sale."

He contends that the law requires him to add the one dollar after the 1st day of July in each year after the lands are returned delinquent, and that it thus becomes a charge upon the land.

We cannot agree with this view of the law. The language itself will not admit this construction. The statute does not contemplate the preparation of the petition as an "expense of sale." The petition is prepared by salaried officers and clerks in the employ of the State, and no additional expense is necessarily incurred in the preparation. Besides, the Legislature, if they had intended to include such a charge, could readily have found apt words in which to convey such intention. No costs or expenses of sale in chancery proceedings are incurred until after the rendition of the decree. All the expenses before that are termed "costs of suit," and are taxed as such. We must presume that the Legislature used this language in the act with reference to its definite and well-understood meaning. We know of no rule of construction by which we can extend or enlarge its meaning.

The Legislature may fix a specific sum for the expense of advertisement and sale, and provide that said sum shall be included in the petition and decree. *Non sequitur* that the tax-payer is under legal obligation to pay it before any portion of such expense has been incurred. In the absence of express language, we cannot hold that the Legislature intended to impose so unjust and unnecessary a burden upon tax-paying citizens.

County treasurers are authorized to receive the taxes after the lands are returned delinquent. Section 49. To

such taxes are to be added 1 per cent. per month, and 4 per cent. as a collection fee. No other charges can be added to any taxes voluntarily paid either to the township treasurer, county treasurer, or State Treasurer "except the expense after it accrues under section 52 of this act." The expenses of advertisement and sale cannot accrue until after the petition has been filed and published as provided by section 54. Before that, payments are voluntary.

Decree must be affirmed.

The other Justices concurred.