# Syllabus

| Chief Justice: | Justices: |
|---|---|
| Megan K. Cavanagh | Brian K. Zahra |
| | Richard H. Bernstein |
| | Elizabeth M. Welch |
| | Kyra H. Bolden |
| | Kimberly A. Thomas |
| | Noah P. Hood |

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kimberly K. Muschong

SWOOPE v CITIZENS INSURANCE COMPANY OF THE MIDWEST

Docket No. 166790. Argued on application for leave to appeal October 8, 2025. Decided March 10, 2026.

Carlonda N. Swoope brought an action in the Wayne Circuit Court against Citizens Insurance Company of the Midwest, seeking payment of personal protection insurance (PIP) benefits under Michigan's no-fault act, MCL 500.3101 *et seq*., after she was injured in an automobile collision while driving a car she had borrowed from a friend without having obtained permission. At the time of the accident, plaintiff had neither a valid driver's license nor automobile insurance. Plaintiff applied for PIP benefits through the Michigan Assigned Claims Plan, which assigned plaintiff's claim to defendant. Defendant moved for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10), arguing that plaintiff's claim was barred by MCL 500.3113(a) because she had taken the vehicle unlawfully without a reasonable belief that she had permission to use it. The trial court, Dana M. Hathaway, J., denied the motion and also denied defendant's motion for reconsideration. Defendant appealed by leave granted, and the Court of Appeals, LETICA, P.J., and O'BRIEN and CAMERON, JJ., reversed, holding that plaintiff was not entitled to PIP benefits because, given her lack of a driver's license, she was unlawfully operating the car at the time of the accident. 350 Mich App 104 (2024). Plaintiff sought leave to appeal in the Supreme Court, which ordered and heard oral argument on whether to grant the application or take other action. ___ Mich ___; 18 NW3d 12 (2025).

In a unanimous opinion by Justice BOLDEN, the Supreme Court, in lieu of granting leave to appeal, *held*:

The Court of Appeals misinterpreted MCL 500.3113(a) when it held that plaintiff was barred from recovering PIP benefits on the ground that there was no genuine question of fact that she was unlawfully operating the motor vehicle. When PIP benefit eligibility is challenged under MCL 500.3113(a), the relevant question is whether the motor vehicle or motorcycle had been *taken* unlawfully, which is a distinct inquiry from whether the vehicle had been *operated* unlawfully. Accordingly, the Court of Appeals judgment was reversed, and the case was remanded to the Court of Appeals to consider whether plaintiff's actions constituted an unlawful taking of the motor vehicle.

1. MCL 500.3113 bars recovery of PIP benefits under certain conditions. Under MCL 500.3113(a), a person is not entitled to be paid PIP benefits for accidental bodily injury if, at the time of the accident, the person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully. Because the parties did not dispute whether plaintiff was willingly operating or willingly using the vehicle, this case turned on whether the vehicle was "taken unlawfully" at the time of the accident and whether plaintiff knew or should have known that it was "taken unlawfully."

2. In *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503 (2012), and *Rambin v Allstate Ins Co*, 495 Mich 316 (2014), the Supreme Court interpreted the phrase "taken unlawfully" in a previous version of MCL 500.3113(a) that barred relief if, at the time of the accident, "[t]he person was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle." Taken together, *Spectrum Health* and *Rambin* both require consideration of the circumstances at the time the vehicle was taken to determine whether the taking itself was unlawful. If the driver took the vehicle contrary to the express prohibition of the vehicle's owner, MCL 500.3113(a) bars relief. If the driver was operating a vehicle that had been unlawfully taken—but not over the owner's express prohibition—further inquiry into the driver's intentions at the time the vehicle was taken is required.

3. The Legislature amended the language of MCL 500.3113(a) when it enacted 2014 PA 489. Although the amendment changed the statutory language in two ways, recovery of PIP benefits continues to depend on whether the vehicle was "taken unlawfully," a phrase that remained unchanged. Accordingly, it remains incumbent on a court that is considering whether MCL 500.3113(a) bars recovery of PIP benefits to determine whether, at the time of the accident, the vehicle was "taken unlawfully" in the sense in which that phrase has been judicially interpreted—in other words, whether possession of the vehicle was gained contrary to Michigan law, as decided in *Spectrum Health*. In *Ahmed v Tokio Marine America Ins Co*, 337 Mich App 1 (2021), the Court of Appeals correctly held that the disqualification from PIP benefits in the amended version of MCL 500.3113(a) "applies to any person (1) willingly operating or willingly using a motor vehicle or motorcycle that (2) was unlawfully taken by someone, and (3) the person seeking benefits knew or should have known that the motor vehicle was taken unlawfully," with the focus of the analysis on whether the vehicle was taken unlawfully. And under *Spectrum Health* and *Rambin*, the phrase "unlawfully taken" is associated with how possession of the vehicle that was involved in the accident was gained. Whether the vehicle was taken unlawfully is a distinct inquiry from whether it was used or operated unlawfully. Had the Legislature wanted to bar recovery under MCL 500.3113(a) for a person who had unlawfully taken, operated, or used a vehicle, it would have done so. Because the Legislature did not do so and the language of the statute is plain, the Court declined to read such language into the statute.

4. The Court of Appeals erred by holding that because there was no genuine question of fact that plaintiff was unlawfully operating the car, plaintiff was not entitled to PIP benefits under MCL 500.3113(a). The panel found dispositive plaintiff's lack of a valid driver's license, noting that *Ahmed* had remarked, in dicta, that "[a]ny violation of the criminal law that leads to a taking of a motor vehicle will constitute an 'unlawful taking' for purposes of MCL 500.3113(a)." The

panel reasoned that because the Michigan Vehicle Code prohibits an individual from driving a motor vehicle on a state highway without a valid driver's license, and because MCL 257.901 attaches criminal penalties to violations of the statute, plaintiff's operation was unlawful under MCL 500.3113(a). The panel also reasoned that because plaintiff knew that she lacked a valid license, she should have understood that driving the vehicle without a valid license was unlawful. However, the correct inquiry requires a court to focus on whether the *taking* of the vehicle was unlawful, not whether the *operation* of the vehicle was unlawful. Plaintiff's status as an unlicensed driver provided no insight as to whether she had unlawfully gained possession of the vehicle, and how a driver operates the vehicle has no bearing on whether MCL 500.3113(a) bars recovery of PIP benefits. To the extent that *Ahmed* concluded otherwise, it was wrongly decided.

Reversed and remanded to the Court of Appeals for further proceedings.

# OPINION

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

FILED March 10, 2026

STATE OF MICHIGAN

SUPREME COURT

CARLONDA NAISHE SWOOPE,

Plaintiff-Appellant,

v

No. 166790

CITIZENS INSURANCE COMPANY OF
THE MIDWEST,

Defendant-Appellee.

BEFORE THE ENTIRE BENCH

BOLDEN, J.

In this case, we must determine whether, at the time of the motor vehicle accident in which she was injured, plaintiff "was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and [she] knew or should have known that the motor vehicle or motorcycle was taken unlawfully." MCL 500.3113(a). If so, then she is barred from recovering personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*.

The Court of Appeals misinterpreted MCL 500.3113(a) when it held that plaintiff was barred from recovering PIP benefits on the ground that there was no genuine question of fact that she was unlawfully *operating* the motor vehicle. *Swoope v Citizens Ins Co of the Midwest*, 350 Mich App 104, 107-108; 29 NW3d 695 (2024). It reached this conclusion, in part, by erroneously extending dicta from *Ahmed v Tokio Marine America Ins Co*, 337 Mich App 1; 972 NW2d 860 (2021). Having considered the text of MCL 500.3113(a) and our previous opinions interpreting its controlling language, we hold that when PIP benefit eligibility is challenged under MCL 500.3113(a), the relevant question is whether the motor vehicle or motorcycle had been *taken* unlawfully—a distinct inquiry from whether the vehicle had been *operated* unlawfully. See MCL 500.3113(a); *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503; 821 NW2d 117 (2012); *Rambin v Allstate Ins Co*, 495 Mich 316; 852 NW2d 34 (2014).

Because the Court of Appeals analyzed MCL 500.3113(a) by conducting the wrong inquiry, we reverse. However, because the Court of Appeals inadequately considered defendant's alternative ground for summary disposition under MCL 500.3113(a)—that plaintiff's actions constituted an unlawful taking of the motor vehicle—we remand to the Court of Appeals to address this question.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff, Carlonda Naishe Swoope, was injured in an automobile accident in Detroit on October 27, 2020. The next day, plaintiff's friend, Kandice Valentine, drove to plaintiff's home to bring plaintiff to her house to spend the night, while plaintiff's mother and children stayed at plaintiff's house. Plaintiff testified that, the next morning, "[m]y

2

mother called me and told me that her chest was hurting, and the ambulance wasn't coming fast enough. So I tried to get there as soon as possible." Without first obtaining Valentine's consent or permission, plaintiff took Valentine's car keys and vehicle and drove toward her mother's home, but along the way, she was involved in a motor vehicle accident. She had never driven Valentine's car before. At the time of the accident, plaintiff had neither a valid driver's license nor automobile insurance.

On November 11, 2020, plaintiff applied for PIP benefits through the Michigan Assigned Claims Plan (MACP).[1] MACP assigned plaintiff's claim to defendant, Citizens Insurance Company of the Midwest, which denied coverage. Plaintiff sued defendant, seeking recovery of PIP benefits for the injuries that she sustained in the accident.

Defendant moved for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10).[2] Defendant argued that plaintiff's claim was barred by MCL 500.3113(a) because plaintiff took the vehicle unlawfully without a reasonable belief that she had

---

[1] A person may file a claim seeking PIP benefits through the MACP if they sustained "accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle" under certain enumerated circumstances, including, as plaintiff alleged, that there is no insurance policy that would cover the incident. MCL 500.3172(1)(a).

[2] MCR 2.116(C)(8) tests the legal sufficiency of the complaint and may be granted only when, based on the pleadings, the alleged claims are " 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' " *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999), quoting *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

MCR 2.116(C)(10) "tests the factual sufficiency of the complaint," and a moving party is entitled to summary disposition under this subsection when, after considering "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties" in the light most favorable to the nonmoving party, the plaintiff has failed to establish that there is a genuine issue of material fact. *Maiden*, 461 Mich at 120.

permission to use the vehicle.[3]  The trial court denied the motion.  Defendant moved for reconsideration, which the trial court also denied.

Defendant appealed, and the Court of Appeals reversed.  *Swoope*, 350 Mich App at 107.[4]  Plaintiff sought leave to appeal in this Court.  We directed the Clerk to schedule oral argument on the application and ordered the parties to address

> whether the plaintiff is barred from recovering personal protection insurance benefits under the no-fault act, MCL 500.3101 *et seq*., because, at the time of the accident, she "was willingly operating or willingly using a motor vehicle . . . that was taken unlawfully, and [she] knew or should have known that the motor vehicle . . . was taken unlawfully."  MCL 500.3113(a). [*Swoope v Citizens Ins Co of the Midwest*, ___ Mich ___; 18 NW3d 12 (2025) (alterations in original).]

## II.  ANALYSIS

## A.  STANDARD OF REVIEW

In this case, we consider whether the trial court properly denied defendant's motion for summary disposition.  On appeal, we review grants and denials of summary disposition de novo.  *Ray v Swager*, 501 Mich 52, 61-62; 903 NW2d 366 (2017).

To determine whether the trial court erred by denying the motion, we must interpret MCL 500.3113(a), which presents a legal issue that we review de novo.  *American Civil Liberties Union of Mich v Calhoun Co Sheriff's Office*, 509 Mich 1, 8; 983 NW2d 300 (2022).  " 'The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language.' "  *Id*., quoting *Krohn v Home-*

---

[3] Defendant also argued that plaintiff made misrepresentations and false statements on her MACP application that should disqualify her from receiving PIP benefits.  That argument is not part of the appeal in this Court and is not addressed in this opinion.

[4] The opinion was approved for publication after it was issued.

*Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). The first step in determining legislative intent is to examine the statutory language itself, which provides the most reliable evidence of the statute's intended meaning. *Spectrum Health*, 492 Mich at 515, citing *Krohn*, 490 Mich at 155-157. If the statutory language is unambiguous, no further judicial construction is required or permitted. *American Civil Liberties Union*, 509 Mich at 8.

### B. MCL 500.3113(a)

MCL 500.3113 bars recovery of PIP benefits under certain conditions. MCL 500.3113(a) is relevant here. In pertinent part, its current version explains:

> A person is not entitled to be paid [PIP] benefits for accidental bodily injury if at the time of the accident . . . :
>
> (a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully. [MCL 500.3113.[5]]

The parties do not dispute whether plaintiff was willingly operating or willingly using the vehicle. Therefore, this case turns on whether Valentine's vehicle was "taken unlawfully" at the time of the accident and whether plaintiff knew or should have known that it was "taken unlawfully."

---

[5] MCL 500.3113(a) was amended effective January 13, 2015, by 2014 PA 489. Although MCL 500.3113 has been amended since, the language of Subsection (a) has remained unchanged. See *Ahmed*, 337 Mich App at 9 n 3; see also 2024 PA 224.

## C. *SPECTRUM HEALTH* AND *RAMBIN*

This Court has twice interpreted a prior version of this statute. That earlier version barred relief if, at the time of the accident, "[t]he person was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle." MCL 500.3113(a), as amended by 1986 PA 93; see also *Spectrum Health*, 492 Mich at 516; *Rambin*, 495 Mich at 326.

In *Spectrum Health*, we determined that under this previous language, the key question when determining PIP benefit eligibility was whether the vehicle had been taken unlawfully at the time of the accident. The specific question presented was whether a person who was injured in a motor vehicle accident while driving a vehicle that had been taken contrary to the express prohibition of its owner was barred from recovering PIP benefits. *Spectrum Health*, 492 Mich at 508.

*Spectrum Health* involved two consolidated cases. In one, Craig Smith, Jr., was injured in a single-car accident that occurred while he was driving a vehicle owned by his father, Craig Smith, Sr., who had insured the vehicle with Farm Bureau Mutual Insurance Company of Michigan and Farm Bureau General Insurance Company of Michigan. *Id*. at 511. At the time of the accident, Craig Sr. had forbidden Craig Jr. from operating the vehicle because Craig Jr. lacked a valid driver's license, but Craig Sr. had permitted Craig Jr.'s girlfriend to use the vehicle. *Id*. at 512. On the night of the accident, Craig Jr. began drinking, obtained the keys to the car from his girlfriend, and crashed the vehicle into a tree. *Id*.

In the other consolidated case, Ryan DeYoung's driver's license had been revoked on account of three drunk-driving convictions. *Id*. at 513. His wife, Nicole DeYoung,

6

owned and insured four vehicles with Progressive Marathon Insurance Company. *Id*. Nicole had expressly prohibited Ryan from driving these vehicles and had listed Ryan as a named excluded driver on the insurance policy. *Id*. Nevertheless, one night Ryan came home intoxicated, took the keys to one of the vehicles from Nicole's purse, drove the vehicle away from their home despite Nicole's express prohibition, and injured himself in a single-vehicle accident. *Id*.

To determine the drivers' respective eligibility for PIP benefits, we examined the text of MCL 500.3113 to hold that "the plain meaning of the phrase 'taken unlawfully' readily embraces a situation in which an individual gains possession of a vehicle contrary to Michigan law." *Id*. at 517. In other words, a person need not *steal* a vehicle to be considered to have taken it unlawfully and therefore to be excluded from recovering benefits by MCL 500.3113(a). Further, we reasoned that "[b]ecause a taking does not have to be larcenous to be unlawful, the phrase 'taken unlawfully' in MCL 500.3113(a) applies to *anyone* who takes a vehicle without the authority of the owner, regardless of whether that person intended to steal it." *Id*. at 518. Accordingly, we concluded that "any person who takes a vehicle contrary to a provision of the Michigan Penal Code—including MCL 750.413 and MCL 750.414, informally known as the 'joyriding' statutes—has taken the vehicle unlawfully within the meaning of MCL 500.3113(a)" and is barred from recovery of PIP benefits regardless of the driver's intent to steal the vehicle. *Id*. at 537. We also held that MCL 500.3113(a) examines the lawfulness of the taking from the driver's perspective. *Id*. at 522.

Two years later, we were faced with a new question about the prior version of MCL 500.3113(a). See *Rambin*, 495 Mich 316. In *Rambin*, we considered whether the operator

7

of a motorcycle that was owned by another person was permitted to present evidence that he did not knowingly lack authority to take the motorcycle. *Id*. at 337. In other words, after *Spectrum Health* concluded that a violation of the misdemeanor joyriding statute, MCL 750.414, barred recovery of PIP benefits under MCL 500.3113(a), we had to decide whether MCL 750.414 included a *mens rea* requirement—i.e., that the driver of the vehicle must have intended to take the vehicle without authority to constitute a violation. *Id*. at 320.

Unlike the facts of both cases consolidated in *Spectrum Health*, *Rambin* did not involve the taking of a vehicle over the express prohibition of the vehicle's owner, but rather involved someone who operated a motorcycle that he claimed had been loaned to him. *Id*. at 323. The plaintiff, Lejuan Rambin, was injured while riding a motorcycle that was owned by and registered to Scott Hertzog. *Id*. at 321. Hertzog's motorcycle had been stolen earlier that month. *Id*. at 322. The plaintiff asserted that he attended a motorcycle club ride, and Andre Smith loaned him the motorcycle that he was operating when he collided with an uninsured vehicle. *Id*. at 323. The plaintiff maintained that he did not know the motorcycle had been stolen and that, therefore, he had not unlawfully taken the motorcycle because he had a reasonable belief that Smith was the motorcycle's rightful and legal owner when he drove it with Smith's permission. *Id*. at 324, 327.

We continued to apply the analysis from *Spectrum Health* that recovery under MCL 500.3113(a) is analyzed from the perspective of the driver of the vehicle who was in an accident, and we used that framework to determine the lawfulness of the taking of the motorcycle. *Id*. at 323 n 7. Because the facts did not involve the disregard of an owner's express prohibition, we analyzed the misdemeanor joyriding statute, MCL 750.414, to

determine whether the motorcycle had been, as a matter of law, unlawfully taken. This Court held that MCL 750.414 included a *mens rea* element of knowingly taking the vehicle without authority or knowingly using it without authority. *Id*. at 332. We reasoned that the term "take" requires some voluntary action, so the plaintiff was entitled to present evidence to support his belief that his taking was lawful and, therefore, that MCL 500.3113(a) did not bar his recovery of PIP benefits. *Id*. at 333-334. We held that to determine whether that *mens rea* element is met, how the vehicle is used may be relevant, even though unlawful use is not relevant to the initial question of whether the vehicle was unlawfully taken under MCL 500.3113(a). *Id*. at 331-332.

Taken together, *Spectrum Health* and *Rambin* both require consideration of the circumstances at the time the vehicle was taken to determine whether the taking itself was unlawful. If the driver took the vehicle contrary to the express prohibition of the vehicle's owner, MCL 500.3113(a) bars relief. See *Spectrum Health*, 492 Mich 503. If the driver was operating a vehicle that had been unlawfully taken—but not over the owner's express prohibition—further inquiry into the driver's intentions at the time the vehicle was taken is required. See *Rambin*, 495 Mich 316.

D. *MONACO v HOME-OWNERS INS CO* AND *AHMED v TOKIO MARINE AMERICA INS CO*

As already noted, after *Rambin*, the Legislature amended the language of MCL 500.3113(a) when it enacted 2014 PA 489. Although this is our first time interpreting the amended language of MCL 500.3113(a) and how it relates to PIP benefit eligibility, the Court of Appeals has discussed the amended language on a few occasions.

9

In *Monaco v Home-Owners Ins Co*, 317 Mich App 738; 896 NW2d 32 (2016), a 15-year-old driver was injured in an automobile accident after she lost control of the vehicle, which was owned by her mother, the plaintiff. *Id*. at 741. The daughter did not have a driver's license at the time; rather, she had a learner's permit that enabled her lawful operation of the vehicle when accompanied by a licensed parent, guardian, or driver who was at least 21 years old. *Id*. at 741-742. No such person was with her at the time of the accident, but the plaintiff testified at trial that her daughter nevertheless had permission to drive the vehicle, explaining that she had initially told the insurance adjuster otherwise out of fear she would be found criminally liable for allowing her unlicensed daughter to drive. *Id*. at 743-744.

In *Ahmed*, the plaintiff was in a car accident while he was driving a motor vehicle that his wife had rented. *Ahmed*, 337 Mich App at 5. The rental agreement, which the plaintiff's wife signed, allowed certain authorized drivers to operate the vehicle, including the customer's spouse, but specified that any authorized driver must possess a valid driver's license. *Id*. The plaintiff was not a party to the rental agreement, nor had he read it before he drove the vehicle. *Id*. at 5. The plaintiff lacked a valid driver's license at the time of the accident, but, according to his deposition testimony, he believed that his driver's license was merely restricted and that he was driving within the restrictions when the accident occurred. *Id*.

In *Monaco*, the car accident occurred before the 2014 amendments of MCL 500.3113(a) became effective, so that opinion interpreted the prior version of the statute when it affirmed the trial court's denial of the defendant's motions for summary disposition and a directed verdict on the ground that the daughter's taking of her mother's vehicle was

10

not unlawful. *Monaco*, 317 Mich App at 746-747, 750-751. However, the opinion also noted that the newly amended language "still generally bars the recovery of PIP benefits by a person who operated a vehicle that he or she had 'taken unlawfully.' " *Id*. at 747. The opinion established that the "first level of inquiry when applying MCL 500.3113(a) always concerns whether the taking of a vehicle was unlawful . . . ." *Monaco*, 317 Mich App at 747.

The accident at issue in *Ahmed* occurred after MCL 500.3113(a) was amended. Similarly to *Monaco*, *Ahmed* analyzed that provision to conclude that while the amendments had "broadened the provision governing disqualification from eligibility for benefits," the key statutory term, "taken unlawfully," retained the same meaning as it had under the version of MCL 500.3113(a) that we interpreted in *Spectrum Health* and *Rambin*. *Ahmed*, 337 Mich App at 9-10. *Ahmed* explained that " '[t]he provisions of any law or statute which is re-enacted, amended or revised, so far as they are the same as those of prior laws, shall be construed as a continuation of such laws and not as new enactments.' " *Id*. at 10, quoting MCL 8.3u (brackets in *Ahmed*). *Ahmed* then applied the *Spectrum Health* and *Rambin* analyses to the amended language of MCL 500.3113(a). The opinion noted that "taken unlawfully" applies to anyone who takes a vehicle without the owner's authority and that the legality of the taking is examined from the perspective of the vehicle's driver at the time of the accident. *Ahmed*, 337 Mich App at 11-12, citing *Spectrum Health*, 492 Mich at 518, 522, 537, and *Rambin*, 495 Mich at 323 n 7.

11

E.  THE AMENDED LANGUAGE OF MCL 500.3113(a) STILL REQUIRES A COURT TO CONSIDER WHETHER THE VEHICLE WAS "TAKEN UNLAWFULLY"

We agree with *Monaco* and *Ahmed* that when the Legislature amended MCL 500.3113(a), the focus of the analysis was unchanged because a court must still determine whether the vehicle was "taken unlawfully."

Before its 2014 amendment, the statute barred relief if "[t]he person was using a motor vehicle or motorcycle *which he or she had taken unlawfully*, unless the person reasonably believed that he or she was entitled to take and use the vehicle."  MCL 500.3113(a), as amended by 1986 PA 93 (emphasis added); see also *Spectrum Health*, 492 Mich at 516; *Rambin*, 495 Mich at 326.  Under the present version, the statute bars relief if "[t]he person was willingly operating or willingly using a motor vehicle or motorcycle *that was taken unlawfully*, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully."  MCL 500.3113(a).  When the Legislature modified MCL 500.3113(a), it continued to make benefit eligibility contingent on whether the vehicle had been "taken unlawfully."  See MCL 8.3u (requiring that provisions of amended statutes that remain the same as in prior versions "shall be construed as a continuation of such laws and not new enactments"); see also *Yang v Everest Nat'l Ins Co*, 507 Mich 314, 322; 968 NW2d 390 (2021), quoting *McCormick v Carrier*, 487 Mich 180, 192; 795 NW2d 517 (2010) ("When a word 'has been subject to judicial interpretation, the legislature is presumed to have used particular words in the sense in which they have been interpreted' ") (quotation marks omitted).  Thus, caselaw interpreting the previous version of MCL 500.3113(a) remains instructive with regard to the proper meaning of the phrase "taken unlawfully" in the current version.

In *Monaco*, the Court of Appeals applied the prior version of MCL 500.3113(a) to reject the argument that unlawful *operation*—as opposed to the unlawful *taking*—of a vehicle bars relief under the statute, stating that "the unlawful operation or use of a motor vehicle is simply not a concern in the context of analyzing whether the vehicle was taken unlawfully." *Monaco*, 317 Mich App at 749. Although the plaintiff's daughter in that case had no lawful authority to operate the vehicle without a licensed adult, this had no bearing on whether she unlawfully took the vehicle. *Id.*, citing MCL 257.310e(4). " '[T]aking' and 'use' are simply not synonymous or interchangeable for the purposes of MCL 500.3113(a)." *Monaco*, 317 Mich App at 750. The panel concluded that because the driver had not unlawfully taken the vehicle, recovery of PIP benefits was not barred by MCL 500.3113(a). *Id.*

*Ahmed* distinguished *Monaco* because, in *Monaco*, the driver had the owner's express permission to drive and, therefore, the vehicle could not have been unlawfully taken. *Ahmed*, 337 Mich App at 19. However, in *Ahmed*, the driver's taking contravened the express written terms of the rental agreement. *Id.* at 21. Thus, in *Ahmed*, the Court of Appeals found it necessary to determine the meaning of the phrase "knew or should have known," which was part of the amended version of MCL 500.3113(a). *Id.*

"[C]ourts must pay particular attention to statutory amendments, because a change in statutory language is presumed to reflect either a legislative change in the meaning of the statute itself or a desire to clarify the correct interpretation of the original statute." *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009), citing *Lawrence Baking Co v Unemployment Compensation Comm*, 308 Mich 198, 205; 13 NW2d 260 (1944). The amendments here changed the statutory language in two ways. Prior to the 2014

13

amendment, recovery of PIP benefits would be barred if a person was (1) "using" a vehicle that the person had (2) "taken unlawfully," (3) "unless" the person "reasonably believed" they were entitled to take and use the vehicle. MCL 500.3113(a), as amended by 1986 PA 93. Now, recovery of PIP benefits is barred if a person was (1) "willingly operating or willingly using" a vehicle that was (2) "taken unlawfully," (3) if the person "knew or should have known" it was taken unlawfully. We agree with *Ahmed* that the amended language replaced a safe harbor for ensuring that benefits remained for a person who had a reasonable belief that their taking of a vehicle was lawful with a disqualification from benefits for a person who knew or should have known the taking of the vehicle was unlawful. *Ahmed*, 337 Mich App at 23.

Although there were two modifications of the statutory language, recovery of PIP benefits continues to depend on whether the vehicle was "taken unlawfully." In *Spectrum Health*, we held that " 'taken unlawfully' readily embraces a situation in which an individual gains possession of a vehicle contrary to Michigan law." *Spectrum Health*, 492 Mich at 517. The phrase "taken unlawfully" was not modified. " 'Where the language used has been subject to judicial interpretation, the legislature is presumed to have used particular words in the sense in which they have been interpreted.' " *McCormick*, 487 Mich at 192, quoting *People v Powell*, 280 Mich 699, 703; 274 NW 372 (1937). Thus, it remains incumbent on a court that is considering whether MCL 500.3113(a) bars recovery of PIP benefits to determine whether, at the time of the accident, the vehicle was "taken unlawfully." That is, the court must determine whether possession of the vehicle was "gain[ed] . . . contrary to Michigan law." *Spectrum Health*, 492 Mich at 517; see also *Rambin*, 495 Mich at 320.

## F. WHETHER A VEHICLE WAS TAKEN UNLAWFULLY IS A SEPARATE QUESTION FROM WHETHER THE VEHICLE WAS OPERATED UNLAWFULLY

We agree with *Ahmed* that a plain reading of MCL 500.3113(a) means that "the disqualification applies to any person (1) willingly operating or willingly using a motor vehicle or motorcycle that (2) was unlawfully taken by someone, and (3) the person seeking benefits knew or should have known that the motor vehicle was taken unlawfully." *Ahmed*, 337 Mich App at 10 (quotation marks omitted). The focus of the analysis is on whether the vehicle was taken unlawfully. Continuing to employ the definition from *Spectrum Health* and *Rambin*, we also agree that "unlawfully taken" is associated with how possession of the vehicle that was involved in the accident was gained. *Spectrum Health*, 492 Mich at 517. Whether the vehicle was taken unlawfully is a distinct inquiry from whether it was used or operated unlawfully. "Operate," for example, can be relevantly defined as "[t]o direct, put into action, or maintain the function of, esp. by direct personal effort; to engage, use, and control (a machine, computer, equipment, etc.)." *Black's Law Dictionary* (12th ed). Further, "use" can be relevantly defined as "[t]o employ for the accomplishment of a purpose." *Id*. Had the Legislature wanted to bar recovery under MCL 500.3113(a) for a person who had "unlawfully taken, operated, or used" a vehicle, it would have done so. See *Monaco*, 317 Mich App at 750 (stating that " 'taking' and 'use' are simply not synonymous or interchangeable for purposes of MCL 500.3113(a)"); see also *Auditor General v McLaulin*, 83 Mich 352, 354; 47 NW 233 (1890) (noting that "the Legislature, if they had intended to include [a particular] charge, could readily have found apt words in which to convey such intention"). Because the Legislature did not do so and the language of the statute is plain, we decline to read such language into the statute.

15

Additionally, we find it compelling that in the first clause of MCL 500.3113(a), the Legislature specified that PIP benefit recovery is barred only for a person who was willingly operating or using the vehicle that was taken unlawfully. This requires a separate inquiry into the willing use or operation of the vehicle.

## G. APPLICATION

Defendant moved for summary disposition by raising several theories. Notably, defendant argued that plaintiff was barred from entitlement to PIP benefits by MCL 500.3113(a) because her taking of Valentine's vehicle without Valentine's consent, permission, or authorization was unlawful. Defendant further argued that plaintiff lacked a valid driver's license and therefore had no basis to believe she was permitted to legally operate any vehicle on the date of the accident. The trial court denied defendant's motion, and defendant appealed that denial.

The Court of Appeals reversed, holding that because "there was no genuine question of fact that plaintiff was unlawfully operating the car," plaintiff was not entitled to PIP benefits under MCL 500.3113(a). *Swoope*, 350 Mich App at 107-108. The panel found dispositive plaintiff's lack of a valid driver's license. *Id*. at 110-112. First, it quoted a passage from *Ahmed* that had remarked, in dicta, that " '[a]ny violation of the criminal law that leads to a taking of a motor vehicle will constitute an "unlawful taking" for purposes of MCL 500.3113(a).' " *Id*. at 110, quoting *Ahmed*, 337 Mich App at 11 n 5. The panel reasoned that because MCL 257.301(1) explains that "an individual shall not drive a motor vehicle on a highway in this state unless that individual has a valid operator's or chauffeur's license," and MCL 257.901 attaches criminal penalties to violations of the statute,

16

plaintiff's operation was unlawful under MCL 500.3113(a). *Swoope*, 350 Mich App at 110-111. The panel also reasoned that plaintiff knew that she lacked a valid license, so she should have understood that driving the vehicle without a valid license was unlawful. *Id*. at 111, citing *Ahmed*, 337 Mich App at 26-27. The panel concluded that, because "there was no genuine question of fact that plaintiff was *unlawfully operating* the car," she was "not entitled to PIP benefits under the no-fault act." *Swoope*, 350 Mich App at 107-108 (emphasis added).

The panel erroneously applied *Ahmed*'s dictum and misread MCL 500.3113(a). The correct inquiry requires a court to focus on whether the *taking* of the vehicle was unlawful, not whether the *operation* of the vehicle was unlawful. Plaintiff's status as an unlicensed driver provides no insight as to whether she had unlawfully gained possession of the vehicle. See *Spectrum Health*, 492 Mich at 517. How the driver operated that vehicle has no bearing on whether MCL 500.3113(a) bars recovery of PIP benefits.[6]

By holding that plaintiff's unlawful operation of the car barred her from recovering PIP benefits, the Court of Appeals erred. We reverse.[7]

---

[6] To the extent that *Ahmed* concluded otherwise, it was wrongly decided.

[7] Although the Court of Appeals noted in passing that plaintiff admitted she failed to take any steps to ensure that Valentine authorized the taking of the vehicle, the panel did not indicate that it was considering defendant's alternative ground for summary disposition and never concluded that the vehicle had been unlawfully taken. On remand, the Court of Appeals shall consider whether a genuine issue of material fact exists as to whether Valentine's vehicle was unlawfully taken by plaintiff at the time of the accident.

17

## III. CONCLUSION

By holding that plaintiff's unlawful *operation* of the motor vehicle barred her recovery of PIP benefits under MCL 500.3113(a), the Court of Appeals misinterpreted the statute. Whether a claimant is barred from recovery by MCL 500.3113(a) turns on whether the vehicle was *taken*—rather than *operated* or *used*—unlawfully and whether the claimant knew or should have known that it had been taken unlawfully. Thus, the Court of Appeals erred, and we reverse. However, the Court of Appeals failed to address the alternative ground for summary disposition raised by defendant regarding how plaintiff's taking of the vehicle was unlawful. Accordingly, we remand this case to the Court of Appeals for further proceedings consistent with this opinion.

Kyra H. Bolden
Megan K. Cavanagh
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kimberly A. Thomas
Noah P. Hood